1  Matthew P. Minser, Esq. (SBN 296344)
   Luz E. Mendoza, Esq. (SBN 303387)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Bay Parkway, Suite 100
3  Alameda, California 94502
   Telephone: (510) 906-4710
4  Email: mminser@sjlawcorp.com
   Email: lmendoza@sjlawcorp.com
5

6  Attorneys for Plaintiffs, Sheet Metal Workers
   Pension Trust of Northern California, et al.
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | SHEET METAL WORKERS PENSION TRUST OF          | Case No.
   | NORTHERN CALIFORNIA;                          |
12 |                                               | **COMPLAINT**
   | SHEET METAL WORKERS LOCAL 104 HEALTH          |
13 | CARE TRUST;                                   |

14 | SHEET METAL WORKERS LOCAL 104
   | SUPPLEMENTAL PENSION FUND;
15

16 | SHEET METAL WORKERS LOCAL 104
   | VACATION-HOLIDAY SAVINGS FUND;
17

   | SHEET METAL WORKERS LOCAL 104 AND BAY
18 | AREA INDUSTRY TRAINING FUND; and

19 | RICK WERNER and SEAN O'DONOGHUE,
   | Trustees,
20

21              Plaintiffs,

22       v.

23 | DORST HVAC, a California corporation;
   | PROFESSIONAL AIR SOLUTIONS, INC., a
24 | California corporation,

25              Defendants.

26

27

28

                                   1

**COMPLAINT**
**Case No.**

Parties

1.       The Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, and Sheet Metal Workers Local 104 And Bay Area Industry Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3) and are multi-employer plans as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). Plaintiffs Boards of Trustees are the named fiduciaries of Plaintiffs' Trust Funds under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board of Trustees of the Sheet Metal Workers Pension Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendants are obligated to contribute under the Bargaining Agreements described below. These employee benefit plans and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs".

2.       Dorst HVAC, Inc., a California corporation ("Dorst") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

3.       Defendant Professional Air Solutions, Inc., a California corporation ("Professional") was formed on March 18, 2019, after Defendant Dorst filed for Chapter 7 bankruptcy on February 21, 2019. Plaintiffs allege that Professional substantially continued the business operations of Defendant Dorst such that Defendant Professional is liable for Defendant Dorst's liability to Plaintiffs as a successor employer. Plaintiffs allege that Defendant Professional is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

4.       Defendant Dorst and Defendant Professional are collectively referred to herein as "Defendants."

Jurisdiction

5.       Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132 and federal common law, 28 U.S.C. § 1331, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other

2

**COMPLAINT**
**Case No.**

1    appropriate relief under ERISA, and seek relief under federal common law successor liability.

2         6.       Jurisdiction exists in this Court over all the claims by virtue of the Labor Management

3    Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and

4    conditions of a valid Bargaining Agreement.

5         7.       To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

6    supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

7    arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

8    herein, each of which has a substantial ground in federal jurisdiction.

9                                                  Venue

10        8.       Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

11   is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

12   discretion, in the district where the plan is administered, where the breach took place, or where a

13   defendant resides or may be found, and process may be served in any other district where a defendant

14   resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their

15   principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly

16   grounded with this Court.

17        9.       Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

18   185, as this Court has jurisdiction over the parties, as the Sheet Metal Workers International Association

19   Local Union 104 (the "Union") maintains its principal place of business in this district, its duly

20   authorized officers or agents are engaged in representing employee members in this district, and the

21   claims arise in this district.

22                                        Intradistrict Assignment

23        10.      The basis for assignment of this action to this court's Oakland Division is that all of the

24   events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where

25   ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant Dorst

26   therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

27                                         Bargaining Agreement

28        11.      On or about May 2017, Defendant Dorst entered into the Standard Form Union

3

**COMPLAINT**
**Case No.**

Agreement ("SFUA" or "Bargaining Agreement") between the Union and Bay Area Association of Sheet Metal and Air Conditioning Contractors National Association Chapters ("SMACNA"). Defendant Dorst also entered into a Subscriber Agreement for Owner/Members with the Sheet Metal Workers Pension Plan of Northern California ("Subscriber Agreement"). The Bargaining Agreement, which incorporates the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), and the Subscriber Agreement, require Dorst to make payment of employer contributions to Plaintiffs' Trust Funds, to the union for union dues, and to the other plans more fully described in the Bargaining Agreement, Subscriber Agreement, and the Plan Documents of the ERISA Trusts. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreement.

12.     Under the terms of the Bargaining Agreement, Subscriber Agreement, and the Trust Agreements incorporated therein, Defendant Dorst is required to pay certain contributions to the following funds: Sheet Metal Workers' ("SMW") 104 Union  Dues Check-off, SMW 104 Vacation, SMW Local 104 Health Care Plan, SMW Northern California Pension Plan, SMW National Pension Plan, SMW Local 104 Supplemental Pension Fund, SMW Local 104 and Bay Area Industry Training Fund, Robert G. Mammini SMW Local Union No. 104 Scholarship Fund, Contractor Association Industry Fund, SMW Local 104 Supplemental Health Care Plan, International Training Institute, National Energy Management Institute Committee, Sheet Metal Occupational Health Institute Trust, and SMACNA Industry Fund (collectively referred to herein as the "Bargained Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreement, Subscriber Agreement, and Trust Agreements.

13.     Under the Bargaining Agreement, Subscriber Agreement, and the Trust Agreements incorporated therein, Defendant Dorst, is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Dorst's employees. Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were worked, and are considered delinquent if not received by that day. Also, under the terms of the Bargaining Agreement, Subscriber Agreement and the Trust Agreements incorporated therein, Defendant Dorst is required to pay liquidated damages for each

4

**COMPLAINT**
**Case No.**

1  delinquent contribution payment, and interest on unpaid contributions from the delinquent date until

2  paid, at the rates set by the Bargaining Agreement, Subscriber Agreement and Trust Agreements.

3  Finally, the Bargaining Agreement, Subscriber Agreement, and the Trust Agreements require Defendant

4  Dorst to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of

5  Defendant Dorst's delinquent contributions.

6       14.    The Bargaining, Subscriber and Trust Agreements further require Defendant Dorst to

7  maintain time records or time cards, and to permit an authorized Trust Fund representative to examine

8  such records of Defendants as is necessary to determine whether Defendants have made full payment of

9  all sums owed to ERISA Plaintiffs. Should an audit of Defendants records reveal Defendants have

10  failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse

11  Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the

12  Bargaining and Trust Agreements.

13       15.    Article X of the SFUA sets forth a Grievance Procedure. Under Article X, section 1 of

14  the SFUA and as incorporated by the Labor Agreement and Residential Agreement, "[g]rievances of the

15  Employer or the Union, arising out of the interpretation or enforcement of this Agreement shall be

16  settled between the Employer directly involved and the duly authorized representative of the Union, if

17  possible."

18       16.    If the grievance is not settled by the employer and the Union, Article X, section 2 of the

19  SFUA provides that the parties may appeal to the Local Joint Adjustment Board ("LJAB"). Pursuant to

20  Article X, section 5 of the SFUA, an LJAB is "empowered to render such decisions and grant such relief

21  to either party as [it] deem[s] necessary and proper, including awards of damages or other

22  compensation."

23       17.    Pursuant to Article X, section 6 of the SFUA, in the event of "non-compliance within

24  thirty (30) calendar days following the mailing of a decision of an LJAB, Panel or the NJAB, a local

25  party may enforce the award by any means, including proceeding in a court of competent jurisdiction in

26  accord with applicable state and federal law." Further, "[i]f the part seeking to enforce the award

27  prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such other

28  relief as is directed by the courts."

5

**COMPLAINT**
**Case No.**

18.     If the grievance is not then settled, Article X, section 3 of the SFUA allows either party to appeal to a panel if notice is given within thirty days after the termination of proceedings provided for under section 2.

19.     Under Article X, section 7 of the SFUA, "[f]ailure to exercise the right of appeal at any step thereof, within the time limit provided therefore, shall void any right of appeal applicable to the facts and remedies of the grievances involved."

<u>Factual Allegations</u>

20.     Defendant Dorst has failed and refused to pay contributions for hours worked by its employees during the months of September 2017 through the present. Liquidated damages and interest are due on all delinquent contributions.

21.     Defendant Dorst has failed and refused to comply with an audit of its payroll records for the period from May 1, 2017 through the date of inspection.

22.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Dorst failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

23.     On or about March 28, 2018, the LJAB convened a hearing regarding the grievance by the Union in the matter titled *SMART SMW Local Union No. 104 vs. DORST HVAC*. Steven Dorst appeared on behalf of Defendant Dorst.

24.     At the LJAB hearing, the Union contended that Defendant Dorst failed to report fringe benefit contributions, as required by the SFUA. Defendant Dorst contended that he had terminated the SFUA in August 2017.

25.     Following a review by the LJAB of the evidence submitted by the Union and Defendant Dorst, the LJAB issued an award dated March 28, 2018 (the "Award"). A copy of the Award is attached hereto as Exhibit 6. The Award states as follows:

        a.     Defendant Dorst was out of compliance with the SFUA;

        b.     Defendant Dorst is directed to recognize and is obligated to all the terms and

6

**COMPLAINT**
**Case No.**

1      conditions of the current SFUA;

2           c.      Defendant Dorst is to pay all wages and fringes retroactively owed in compliance

3                   to the CBA /SFUA and Trust.

4      26.     Plaintiffs are informed and believe that Defendant Dorst's Contractor's License was

5 granted on May 5, 2017, and expired on May 31, 2019. Plaintiffs are further informed and believe that

6 Stephen Rey Dorst was the only person associated with Defendant Dorst's Contractor's License from its

7 issuance through its expiration. Attached hereto as Exhibit 1 is a true and correct copy of the

8 Contractor's State Licensing Board's ("CSLB") Contractor's License Information for Defendant Dorst

9 indicating that Stephen Rey Dorst has been the only person associated with Defendant Dorst's

10 Contractor's License since its inception on May 5, 2017. The printouts also indicate that Defendant

11 Dorst held only a C20 license for "WARM-AIR HEATING, VENTILATING AND AIR-

12 CONDITIONING."

13      27.     On February 21, 2019, Defendant Dorst filed for bankruptcy under Chapter 7 of the

14 United States Bankruptcy Code, Case No. 19-30194 DM 7.

15      28.     Plaintiffs are informed and believe that on March 18, 2019, Defendant Professional was

16 formed. Attached hereto as Exhibit 2 is a printout from the California Secretary of State's website

17 indicating that Defendant Professional was formed on March 18, 2019.

18      29.     Plaintiffs are informed and believe that on April 15, 2019, Stephen Rey Dorst was

19 granted a Contractor's License on behalf of Defendant Professional. Attached hereto as Exhibit 3 is a

20 true and correct copy of the Contractor's State Licensing Board's ("CSLB") Contractor's License

21 Information for Defendant Professional indicating that Stephen Rey Dorst has been the only person

22 associated with Defendant Professional's Contractor's License since its inception on April 15, 2019 and

23 showing that Defendant Professional holds only a C20 license for "WARM-AIR HEATING,

24 VENTILATING AND AIR-CONDITIONING."

25      30.     Plaintiffs are informed and believe that Defendant Professional is the successor of

26 Defendant Dorst and is therefore liable for all amounts Defendant Dorst owes to Plaintiffs.

27      31.     On April 22, 2020, Defendant Dorst received a final decree on its Chapter 7 bankruptcy

28 filing. Corporations may not discharge their debts in a liquidation proceeding under Chapter 7 of the

**COMPLAINT**
**Case No.**

1    Code. *See* Collier on Bankruptcy at 727-7 -- 727-9 [*379] (15th ed.) ("Under the Code, a corporation or

2    partnership that is in a chapter 7 proceeding is liquidated only and never receives a discharge." Collier

3    at 727-8.) *NLRB v. Better Bldg. Supply Corp.*, 837 F.2d 377, 378-379 (9th Cir. 1988) (emphasis added).

4          32.    Plaintiffs are informed and believe, and therefore allege that since Defendant Dorst filed

5    for bankruptcy, at all relevant times, Defendant Professional has substantially continued the same

6    business operations as Defendant Dorst.

7          33.    Plaintiffs are informed and believe that Statements of Information on the California

8    Secretary of State's website were filed for both companies by Defendant Dorst and Defendant

9    Professional. The Statements of Information for both companies on the California Secretary of State's

10   website state that both Defendants engage in the same type of business – "HVAC" and "HVAC

11   Contractor" respectively. Therefore, Plaintiffs allege that both Defendants offer the same service.

12   Attached hereto as Exhibit 4 is a true and correct copy of the Statement of Information filed by

13   Defendant Dorst with the Secretary of State on April 8, 2018 describing the "type of business of the

14   corporation" as "HVAC Contractor." Attached hereto as Exhibit 5 is a true and correct copy of the

15   Statement of Information filed by Defendant Professional with the Secretary of State on April 1, 2019

16   describing the "type of business of the corporation" as "HVAC."

17         34.    Plaintiffs are informed and believe that both Defendant Dorst and Defendant

18   Professional's Statements of Information list Stephen Rey Dorst as its Chief Executive Officer,

19   Secretary, and Chief Financial Officer. *See* Exhibit 4 and Exhibit 5. In addition, Plaintiffs are informed

20   and believe that the CSLB website lists Stephen Rey Dorst as the RMO/CEO/President for both

21   Defendant Dorst and Defendant Professional. *See* Exhibits 1 and 3.

22         35.    Plaintiffs are informed and believe that Defendant Professional maintains the same

23   telephone number as previously maintained by Defendant Dorst. *See* Exhibit 1 and Exhibit 3.

24         36.    Plaintiffs are informed and believe that at all relevant times, Defendant Professional and

25   Defendant Dorst employed the same supervisors. Plaintiffs are informed and believe that Stephen Rey

26   Dorst supervised both entities.

27         37.    At all relevant times, Defendant Professional provided the same services as Dorst.

28   Defendant Professional maintains a website largely identical to Dorst offering the same range of

8

**COMPLAINT**
**Case No.**

services in the same geographic area, and even re-using identical clip art. Further, as indicated above, the CSLB classification for Defendant Professional, "C20-Warm-Air Heating, Ventilation and Air-Conditioning" is identical to the classification listed for Dorst.

38.   On information and belief, Plaintiffs allege that at all relevant times, Defendant Professional utilizes the same or substantially the same workforce, and such jobs exist under the same working conditions as those provided by Dorst.

39.   On information and belief, Plaintiffs allege that at all relevant times, Defendant Professional used the same machinery, equipment, and methods of production as Dorst.

**FIRST CAUSE OF ACTION**
**For Federal Common Law Successor Liability Against Defendant Professional**

40.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39, above.

41.   Under the federal common law successorship doctrine, liabilities of the predecessor may be passed to the successor where 1) the subsequent employer substantially continues the business operations of the predecessor, and 2) the subsequent employer had notice of the potential liability. *Steinbach v. Hubbard* 51 F.3d 843, 845-846 (9th Cir. 1995). Successor liability has been extended to almost every employment statute, including ERISA. *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac* 920 F.2d 1323 (7th Cir. 1990); *Hawaii Carpenters v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 295 (9th Cir. 1987).

42.   As set forth above, Defendant Professional substantially continued the business operations of Defendant Dorst based on the following: Defendant Professional's filing of Articles of Incorporation shortly after the bankruptcy by Dorst; Defendant Professional's maintenance of a largely identical website to Dorst; Defendant Professional's engagement in the same type of service, in the same geographic area as Dorst; Defendant Professional's business address location in the same city as Dorst; Defendant Professional's employment of the same supervisors as Dorst;; Defendant Professional's use of the same or substantially the same workforce, under identical or substantially identical working conditions as Dorst; and use of the same machinery, equipment, and methods of production as Dorst.

43.   Plaintiffs are informed and believe that at all times relevant herein, Defendant

9

**COMPLAINT**
**Case No.**

P:\CLIENTS\SHECL\Dorst HVAC\Pleadings\Successor Liability\Complaint - Professional Air Solutions Inc..docx

1   Professional's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President had

2   actual knowledge of Defendant Dorst's liability to Plaintiffs.

3         44.    Under the totality of circumstances, there are sufficient indicia of continuity

4   between Defendant Dorst and Defendant Professional to hold Defendant Professional as the

5   successor in interest to Defendant Dorst for purposes of ERISA.

6         45.    By virtue of successor status and with notice of the potential liability, Defendant

7   Professional is liable for Defendant Dorst's liability for delinquent contributions, interest,

8   liquidated damages, attorneys' fees and costs owed to Plaintiffs.

9                              **SECOND CAUSE OF ACTION**
                      **Enforcement of Arbitration Award Against Defendants**

10

11        46.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45, above.

12        47.    The March 28, 2018 LJAB Award required Defendant Dorst to pay all wage/s and fringes

13   retroactively owed in compliance to the CBA/SFUA and Trust.

14        48.    Plaintiffs allege that Defendant Dorst failed to comply with the LJAB award.

15        49.    Defendant Dorst has not availed itself of the right to appeal the LJAB's decision.

16   Accordingly, by the express terms of the CBA that decision is now final and binding on all Parties.

17        50.    Since Defendant Dorst has failed to comply with the Award, Plaintiffs have been forced

18   to bring this action to enforce it. In accordance with the Article X, Section 6 of the SFUA, Plaintiffs are

19   entitled to an order requiring Defendant Dorst (and Defendant Professional as Defendant Dorst's

20   successor) to pay attorney's fees and costs in an amount to be determined, for Plaintiffs efforts to collect

21   the amounts due Plaintiffs under the Award, in addition to the principal amount due pursuant to the

22   Award.

23        51.    Defendant Dorst's failure to comply with the Award has Plaintiffs to suffer immediate,

24   continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law. Based on the

25   foregoing, Plaintiffs respectfully request an order requiring Defendant Dorst (and Defendant

26   Professional as Defendant Dorst's successor) to immediately comply with the LJAB Award.

27        52.    By virtue of successor status and with notice of the potential liability, Defendant

28   Professional is liable for Defendant Dorst's liability pursuant to the LJAB Award.

10

**COMPLAINT**
**Case No.**

**THIRD CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

53.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 52, above.

54.     Defendant Dorst has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement, Subscriber Agreement and Trust Agreements. Defendant Dorst also has a contractual duty under the Bargaining Agreement, Subscriber Agreement and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees. If Plaintiffs are successful in proving successor liability under the First Cause of Action, Plaintiffs allege that these contractual duties will be extended to Defendant Professional.

55.     In addition, Defendant Dorst has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a). If Plaintiffs are successful in proving successor liability under the First Cause of Action, Plaintiffs allege that this statutory duty will be extended to Defendant Professional.

56.     By failing to make the required payments to Plaintiffs, Defendant Dorst breached the Bargaining Agreement and Subscriber Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

57.     Defendant Dorst's failure and refusal to pay the required contributions was at all times, and still is, willful. Defendant Dorst, continues to breach the Bargaining Agreement, and incorporated Trust Agreements, and Subscriber Agreement by failing to make the required payments. Said refusal is unjustified and done with knowledge and intent.

58.     As discussed in more detail above, Defendant Professional is the successor of Defendant Dorst and therefore liable for all amounts Defendant Dorst owe to Plaintiffs.

59.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381,

11

**COMPLAINT**
**Case No.**

1  the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained

2  from continuing to refuse to perform as required thereunder.

3      60.     This Court is authorized to issue injunctive relief based on the traditional standard.

4  As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the

5  possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries.

6  The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

7      61.     This Complaint does not in any manner relate to statutory withdrawal liability that

8  may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to

9  pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs'

10  Plan Documents, Trust Agreements, and the law.

11                                        Prayer

12      WHEREFORE, Plaintiffs pray as follows:

13      1.     For an Order declaring that Defendant Professional Air Solutions, Inc. is the successor

14  employer to Defendant Dorst HVAC.

15      2.     For a judgment against Defendant Dorst HVAC and Defendant Professional Air

16  Solutions, Inc. as follows:

17          (a)     Any unpaid contributions, due at time of Judgment, including those determined

18  as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants

19  failed to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

20              i.     To ERISA Plaintiffs and the Bargained Entities, in accordance with

21  ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement and Subscriber

22  Agreement;

23              ii.     To the Union in accordance with the Bargaining Agreements.

24          (b)     Liquidated damages on all late-paid and unpaid contributions in an amount

25  provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA

26  § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

27          (c)     Interest on all late-paid and unpaid contributions at the rates set in accordance

28  with the Bargaining Agreements, Subscriber Agreement the Trust Agreements, and ERISA §

12

**COMPLAINT**
**Case No.**

1 | 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2 |       3.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in
3 | accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance
4 | with the Bargaining Agreement for all Bargained Entities, Subscriber Agreement; and with LMRA §
5 | 301, 29 U.S.C. § 185, for all Plaintiffs.

6 |       4.  For an Order Confirming the Award issued by the Local Joint Adjustment Board as follows:

7 |           (a)    An Order directing Defendant Dorst HVAC (and Defendant Professional Air
8 | Solutions, Inc. as Defendant Dorst HVAC's successor) to comply with the Award in the form of
9 | remitting payment of all unpaid fringe benefits and interest thereon;

10 |           (b)    An Order directing the payment of pre-judgment and post-judgment interest
11 | pursuant to law;

12 |           (c)    An Order directing Defendant Dorst HVAC (and Defendant Professional Air
13 | Solutions as Defendant Dorst HVAC's successor) to reimburse Plaintiffs for all reasonable attorneys'
14 | fees and costs of suit herein.

15 |       5.     For an order,

16 |           (a)    requiring that Defendants comply with their obligations to Plaintiffs under the
17 | terms of the Bargaining Agreement, Subscriber Agreement and the Trust Agreements (including audit
18 | compliance);

19 |           (b)    enjoining Defendants from violating the terms of those documents and of ERISA;
20 | and

21 |           (c)    enjoining Defendants from disposing of any assets until said terms have been
22 | complied with, and from continuation or operating of Defendant Professional Air Solutions, Inc.'s
23 | business until said terms have been complied with.

24 | //
25 | //
26 | //
27 | //
28 | //

13

**COMPLAINT**
**Case No.**

1     6.     That the Court retain jurisdiction of this case pending compliance with its orders.

2     7.     For such other and further relief as the Court may deem just and proper.

3

4   DATED: August 13, 2020               SALTZMAN & JOHNSON LAW CORPORATION

5

6                         By:             /S/
                               Matthew P. Minser

7                                Luz E. Mendoza
                               Attorneys for Plaintiffs, Sheet Metal Workers

8                                Pension Trust of Northern California, et al.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**
**Case No.**

P:\CLIENTS\SHECL\Dorst HVAC\Pleadings\Successor Liability\Complaint - Professional Air Solutions Inc..docx